IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br><br>    Defendant. | Civil Action No. 4:19-cv-765 ALM<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT TP-LINK TECHNOLOGIES CO., LTD.'S
### MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
### FOR LACK OF PERSONAL JURISDICTION

Defendant TP-Link Technologies Co., Ltd. hereby respectfully moves the Court to dismiss the First Amended Complaint for Patent Infringement in its entirety pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction). This motion is made and based upon the following points and authorities, the declarations attached hereto, the papers and pleadings on file herein, and those matters adduced by the Court at any hearing hereof.

I.      INTRODUCTION

In filing the original complaint, plaintiff American Patents LLC affirmatively elected not to name TP-Link USA Corporation ("TP-Link USA"), the Southern California-based company it knew is responsible for importing, marketing, offering to sell and selling the accused TP-Link branded products in the United States, including Texas.  Instead, Plaintiff only named a foreign affiliate, TP-Link Technologies Co., Ltd. ("TP-Link Tech"), in a transparent effort to secure venue in the Eastern District of Texas.[1]

After TP-Link Tech filed motions to quash service of process and dismiss the original complaint for lack of personal jurisdiction, Plaintiff filed the First Amended Complaint as a matter of course pursuant to Fed. R. Civ. Proc. 15(a)(1)(B).  But, while adding another patent and an additional laundry list of accused products, Plaintiffs did not add any allegations material to TP-Link Tech's motions to quash or dismiss or otherwise contradicting the facts established in the declarations accompanying those motions.  Once again, TP-Link Tech does not engage in business in Texas, TP-Link Tech was not properly served, and this Court does not have personal jurisdiction over TP-Link Tech.  Plaintiff's continued gamesmanship – refusing to name the entity it knows to be responsible for importing and selling the accused products in the United States, including Texas, in a transparent effort to bypass the limits on federal venue – should not be condoned, and this case should be dismissed.  If Plaintiff wishes to proceed, it should do so by filing suit against TP-Link USA.

This Court does not have general or specific personal jurisdiction over TP-Link Tech. General jurisdiction only exists over corporations that are "at home" in the forum state. *Daimler*

---

[1] Had Plaintiff identified TP-Link USA as a defendant, the status of TP-Link Tech as resident outside the United States would be disregarded for purposes of determining venue, and venue would not be proper in this district.  28 U.S.C. § 1391(c)(3).

1

*AG v. Bauman*, 571 U.S. 117, 137 (2014).  TP-Link Tech is a Chinese corporation with its headquarters and principal place of business in China.  (Exhibit 1, Declaration of Guo Haihua ("Haihua Decl.") at ¶ 2.)  Therefore, there is no basis for general jurisdiction in Texas.

TP-Link Tech is also not subject to specific personal jurisdiction in Texas.  TP-Link Tech does not have employees, agents, offices, or other facilities in Texas, and it does not design, manufacture, sell, or offer to sell, market, or advertise any products in Texas.  (*Id*. at ¶¶ 3-6.)  TP-Link Tech has not committed any acts in Texas, and it has not committed any acts purposefully directed at Texas.  (*Id*. at ¶¶ 3-6.)  Thus, Plaintiff cannot show that TP-Link Tech purposefully directed its activities at the residents of Texas or that its claims arise from such activities.  Accordingly, Plaintiff cannot meet its burden to establish personal jurisdiction over TP-Link Tech, and the present case should be dismissed.

## II.    FACTUAL BACKGROUND

In its original complaint, Plaintiff alleged that TP-Link Tech infringed and continues to infringe U.S. Patent Nos. 7,088,782; 7,310,304; and 7,706,458, through the "TP-Link Omada AC1350 Wireless MU-MIMO Gigabit Ceiling Mount Access Point family of products that include 802.11ac and/or LTE capabilities ('accused products')."  (Dkt. 1, Original Complaint for Patent Infringement ("Compl.") at ¶¶ 11-12, 25-26, 37-38.)  Plaintiff named no other defendants.  On October 30, 2019, Plaintiff filed an executed summons, purporting to have effected service on TP-Link Tech by serving the summons on the Texas Secretary of State.  (Dkt. 11, Executed Summons.)

On February 18, 2020, Plaintiff filed its First Amended Complaint for Patent Infringement, repeating the claims made in the original complaint and adding a claim for infringement of U.S. Patent No. 6,847,803, through the "TP-Link Omada AC1350 Wireless MU-MIMO Gigabit Ceiling Mount Access Point and TP-Link Archer C59 AC1350 Wireless Dual

2

Band Router families of products that include 802.11ac beamforming capabilities ('accused products')." (Dkt. 27, First Amended Complaint for Patent Infringement ("FAC") at ¶¶ 52-54.) The First Amended Complaint also included a laundry list of other "accused products" without identifying what patents they allegedly infringe or how they allegedly infringe. (FAC at ¶ 62.) The First Amended Complaint did not add any new factual allegations that, if true, would establish personal jurisdiction over TP-Link Tech. And again, Plaintiff named no other defendants.

In the First Amended Complaint, Plaintiff again concedes that the sole named defendant, TP-Link Technologies Co., Ltd., is "a corporation duly organized and existing under the laws of China," with a principal place of business in Shenzhen, China. (FAC at ¶ 2.) And, ignoring the declarations filed in support of Defendant's original motions to quash and dismiss, and without alleging any new facts, Plaintiff generally alleges the legal conclusion that TP-Link Tech has committed patent infringement in Texas by "making, using, offering to sell, and/or selling accused product in Texas, and/or importing accused products into Texas." (*Id*. at ¶ 4.) TP-Link Tech does not make, use, offer to sell, or sell the accused products in Texas, and it does not import the accused products into Texas, nor does TP-Link Tech direct or control sales of the accused products in the United States.[2]

Contrary to Plaintiff's allegations, TP-Link Tech is not engaged in business in the state of Texas (Haihua Decl. at ¶¶ 2-6). TP-Link Tech is a privately-held corporation organized under the laws of China, and it maintains its headquarters and principal place of business in Shenzhen, China. (*Id*. at ¶ 2.) TP-Link Tech does not have any employees or agents in Texas and does not

---

[2] *See* Exhibit 2, Declaration of Winfred Shu ("Shu Decl.") at ¶ 3 ("TP-Link USA Corporation is solely responsible for importing, marketing, advertising, offering to sell, and selling TP-Link branded products in the United States, including the TP-Link branded products accused of patent infringement in the above-captioned case.").

own, lease or operate any offices or other facilities in Texas.  (*Id*. at ¶¶ 3-4.)  Further, TP-Link Tech does not design, manufacture, sell, or offer to sell any products in Texas, nor does it ship products to Texas.  (*Id*. at ¶¶ 5-6.)  Nor does TP-Link Tech conduct any marketing or advertising in, or directed toward, Texas.  (*Id*. at ¶ 6.)

TP-Link USA is solely responsible for importing, marketing, advertising, offering to sell, and selling TP-Link branded products in the United States, including the TP-Link branded accused products.  (Shu Decl. at ¶ 3.)  The TP-Link branded products accused of patent infringement are not manufactured by TP-Link Tech in China; they are manufactured by a third-party in Vietnam.  (*Id*. at ¶ 4.)  TP-Link USA is a corporation organized under the laws of the State of California with its headquarters and principal place of business in Brea, California (*id*. at ¶ 2), and is a wholly-owned subsidiary of TP-Link UK, Ltd ("TP-Link UK") (*id*. at ¶ 5).  Neither TP-Link USA's parent company, TP-Link UK, nor TP-Link Tech, direct or control the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States.  (*Id*.)  TP-Link USA is not an agent of, and is not authorized to accept service of process direct to, TP-Link UK or TP-Link Tech.  (*Id*. at ¶ 6.)

### III. LEGAL STANDARD

#### A. Plaintiff has the burden of establishing that jurisdiction is proper

Plaintiff has the burden of establishing that this Court has jurisdiction over TP-Link Tech and must set out a *prima facie* case of personal jurisdiction.  *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012); *see also Allre v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) ("When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.").  In determining whether Plaintiff has met its burden, "[a]llegations of the plaintiff's complaint are taken as true *except to the extent that they are contradicted by*

4

*defendant's affidavits*." See *Valley Dynamo L.P. v. Warehous of Vending & Games*, 168 F. Supp. 2d 616, 619 (N.D. Tex. 2001) (emphasis added); *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977); *Mieczkowski v. Masco Corp.*, 997 F. Supp. 782, 785 (E.D. Tex. 1998) (finding lack of personal jurisdiction where defendant presented evidence controverting allegations in the complaint).

### B. Personal Jurisdiction (Fed. R. Civ. P. 12(b)(2))

In cases involving claims of patent infringement, Federal Circuit Law is applied to the issue of personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws." *Xilinx, Inc. v. Papst Licensing GmbH & Co, KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (citing *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008))). *See also, QR Spex, Inc. v. Motorola, Inc.,* 507 F. Supp. 2d 650, 655 (E.D. Tex. 2007).

Personal jurisdiction exists over an out-of-state defendant "if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process." *Hazim v. Schiel & Denver Book Publrs.*, 647 Fed. Appx. 455, 458 (5th Cir. 2016). Where, as here, the long-arm statute of Texas extends to the limits of federal due process, determining whether jurisdiction exists over an out-of-state defendant reduces to the issue of "whether jurisdiction comports with due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001); *see also Hazim*, 647 Fed. Appx at 458. The U.S. Supreme Court has stated that the due process analysis focuses on the number and nature of a defendant's contacts with the forum to determine if the defendant has sufficient "minimum contacts" such "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945).

5

General jurisdiction is "all-purpose jurisdiction": it allows a court to hear any claim against a defendant even if all the incidents underlying the claim occurred in a different state. *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017). Only a limited set of affiliations with a forum, however, will render a defendant amenable to general jurisdiction there. *Id.* (citing *Daimler,* 571 U.S. at 136-39). The Fifth Circuit has also stated that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business" of a defendant. *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

Specific jurisdiction must be "case-linked": the plaintiff's suit must itself arise out of or relate to the defendant's forum contacts. *Daimler*, 571 U.S. at 136-39; *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112-13 (1987). Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Daimler*, 571 U.S. at 136-39 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). The underlying controversy "must arise out of contacts that the 'defendant [itself]' creates with the forum." *Walden v. Fiore*, 571 U.S. 277, 277 (2014). And, the required minimum contacts "must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there." *Id*.

A court will not exercise jurisdiction if considerations of "fair play and substantial justice" would require making a non-resident's defense in the forum state so unreasonable as to constitute a violation of due process. *Asahi*, 480 U.S. at 105. To satisfy the due process standard, defendants must have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In other words, defendants' "conduct and connection with the forum State" must be "such that

[they] should reasonably anticipate being haled into court there." *Id*. at 474. In addition, the court evaluates the interests of the forum state in providing redress to its citizens, considers plaintiff's convenience, and determines other states' interests in enforcing its substantive law. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

## IV. ARGUMENT

### A. This Court lacks general jurisdiction over TP-Link Tech

This Court does not have general jurisdiction over TP-Link Tech because it is not "at home" in Texas. The "paradigm bases for general jurisdiction" where a corporation is "at home" are "the place of incorporation and principal place of business." *Daimler*, 571 U.S. at 137 (citation and quotation marks omitted). Texas is neither TP-Link Tech's place of incorporation, nor does TP-Link Tech have its principal place of business in Texas.

Plaintiff concedes that TP-Link Tech is a Chinese corporation. (FAC at ¶ 2.) The First Amended Complaint alleges no specific facts to establish general jurisdiction, simply reciting threadbare legal conclusions. Plaintiff cannot allege such facts because they do not exist. As highlighted above, TP-Link Tech has no contacts with Texas. (Haihua Decl. at ¶¶ 2-6.) TP-Link is a Chinese company; it is not "at home" in Texas, and thus it is not subject to general jurisdiction in Texas.

Plaintiff's conclusory allegations attempt to establish that TP-Link Tech has contacts in Texas because it allegedly "directs or controls" the sale and shipment of accused products into Texas. (*See, e.g.,* FAC at ¶ 70.) However, not only are these conclusory allegations directly contradicted by the Haihua Declaration and Shu Declaration, they are separately insufficient to establish general jurisdiction over TP-Link Tech. In *Daimler*, the Supreme Court reversed the Ninth Circuit's finding that there was general jurisdiction over a foreign defendant that indirectly engaged in a "substantial, continuous, and systematic course of business" in the state. *Daimler*,

7

571 U.S. at 138-139. The Court found that the question was "not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but "whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id*. (internal quotation marks omitted). None of the facts alleged, even if true, would render TP-Link Tech "at home" here, and thus it is not subject to general jurisdiction in Texas.

    **B.  This Court lacks specific jurisdiction over TP-Link Tech**

    This Court likewise does not have specific personal jurisdiction over TP-Link Tech. To establish specific jurisdiction over TP-Link Tech, Plaintiff must show that (1) TP-Link Tech "'purposefully directed' its activities at residents of the forum"; (2) that "the claim 'arises out of or relates to'" TP-Link Tech's activities with the forum; and (3) that "the assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed*, 249 F.3d at 1360 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). Again, the First Amended Complaint merely recites conclusory allegations and provides nothing of substance to establish specific jurisdiction.

    Plaintiff has not shown that TP-Link Tech "purposefully directed" its activities at residents of Texas. Plaintiff fails to allege any specific acts TP-Link Tech has committed in the State of Texas to warrant jurisdiction. Plaintiff generally alleges that TP-Link Tech plays some part in "placing the accused products in the stream of commerce in Texas" and that TP-Link Tech "directs or controls" the making, sale, and distribution of the accused products in the United States, but fails to allege specific facts to support its allegations. (See, generally, FAC at ¶¶ 64-70.) Plaintiff's conclusory allegations do not establish purposeful direction or availment with regard to Texas. *Asahi*, 480 U.S. at 112 ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State… a defendant's awareness that the stream of commerce may or will sweep the product into

8

the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.") Thus, Plaintiff has not alleged facts sufficient to show that TP-Link Tech purposefully directed its activities at residents of Texas.

Nor can Plaintiff offer any facts to support its allegations. As noted above, TP-Link Tech does not design, manufacture, sell, or offer to sell any products in Texas. (Haihua Decl. at ¶ 5.) It does not ship products to Texas or conduct any marketing or advertising in, or directed toward, Texas. (*Id*. at ¶ 6.) It does not have any employees or agents in Texas, and it does not own, lease or operate any offices, or other facilities in Texas. (*Id*. at ¶¶ 3-4.)

The Shu Declaration further demonstrates that TP-Link Tech has not purposefully directed any activities toward the residents of Texas. Again, TP-Link USA is solely responsible for importing, marketing, advertising, offering to sell, and selling TP-Link branded products in the United States, including the accused products. (Shu Decl. at ¶¶ 2-3.) Thus, TP-Link Tech does not direct or control the sale or marketing of the accused products in Texas. Further, the accused products are not manufactured by TP-Link Tech, but by a third-party in Vietnam. (*Id*. at ¶ 4.) TP-Link USA is a wholly-owned subsidiary of TP-Link UK, and neither TP-Link UK, nor TP-Link Tech, direct or control the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States. (*Id*. at ¶ 5.) TP-Link USA is not an agent of, and is not authorized to accept service of process direct to, TP-Link UK or TP-Link Tech. (*Id*. ¶ 6.) In sum, TP-Link Tech does not manufacture the accused products, and it does not direct or control importing, marketing, advertising, offering to sell or selling the accused products in Texas or anywhere else in the United States. Accordingly, there is no specific personal jurisdiction over TP-Link Tech.

4830-3532-1270.1

For the same reasons discussed above, Plaintiff has not shown and cannot show that its claims arise out of or relate to TP-Link Tech's activities within the forum. As demonstrated by the Haihua and Shu Declarations, TP-Link Tech has not committed any acts within or directed toward the State of Texas. Thus, Plaintiff's claims cannot arise out of any TP-Link Tech activities within the forum, and there is therefore no specific jurisdiction over TP-Link Tech.

**C. It would offend traditional notions of fair play and substantial justice to subject TP-Link Tech to personal jurisdiction in Texas**

The exercise of jurisdiction over TP-Link Tech under the circumstances would be unreasonable and run afoul of the limits set by the Constitution. This is especially important because the exercise of jurisdiction would be over a non-U.S. corporation with no contacts in this forum, while Plaintiff affirmatively rejects any claims against the actual entity responsible for importing, marketing, offering to sell, and selling the accused products in the United States, including Texas. *See Asahi*, 480 U.S. at 115.

Evaluation of the "reasonableness" of exercising jurisdiction depends on several factors: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010) (quoting *Burger King*, 471 U.S. at 476-77).

First, the burden of requiring TP-Link Tech to adjudicate in Texas would be severe and unreasonable. TP-Link Tech does not conduct business in Texas, and it maintains both its headquarters and principal place of business in China. Haihua Decl. ¶¶ 2-6. Yet, TP-Link Tech would be forced to litigate thousands of miles from its home when was absolutely no reason for

TP-Link Tech to have "foreseen" that it would be haled into court in Texas. *See Burger King*, 471 U.S. at 474. Further, the Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field" and that "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching a long-arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114-15. These reasons weigh against exercising personal jurisdiction over a foreign corporation like TP-Link Tech.

Second, the only interest Texas has in this action is that Plaintiff purportedly resides in Texas. (FAC at ¶ 1.) There is no evidence that TP-Link Tech conducts any business here. Plaintiff is simply attempting to force a foreign corporation to a distant court to assert patent rights under which it apparently does not make any related products.

Third, fourth, and fifth, there is no efficiency to be gained or interests to be served by exercising jurisdiction over TP-Link Tech. TP-Link Tech is a foreign corporation that conducts no business in Texas. (Haihua Decl. at ¶¶ 2-6.) Plaintiff has no viable claim against TP-Link Tech, and therefore will be unable to obtain any judgment against TP-Link Tech. There are no fundamental substantive social policies to be served by requiring a foreign corporation with no contacts in the state to litigate thousands of miles from home.

For these reasons, exercising jurisdiction over TP-Link Tech would be unreasonable.

**V.     CONCLUSION**

For the foregoing reasons, this Court should grant TP-Link Tech's motion to dismiss for lack of personal jurisdiction (Rule 12(b)(2)).

Dated:  March 2, 2020	Respectfully submitted,

                */s/ Terrell R. Miller*
                Terrell Richard Miller
                TX Bar No. 42046446
                **FOLEY & LARDNER LLP**
                1000 Louisiana Street, Suite 2000
                Houston, TX 77002-2099
                Tel:     713.276.5706
                Fax:    713.276.5555
                email:  tmiller@foley.com

                Stephen R. Smerek (admitted E.D. Tex.)
                CA Bar No. 208343
                Tiffany K. Sung (admitted E.D. Tex.)
                CA Bar No. 323077
                **FOLEY & LARDNER LLP**
                555 South Flower Street, Suite 3300
                Los Angeles, CA 90071-2411
                Tel:     213.972.4500
                Fax:    213.486.0065
                email:  ssmerek@foley.com
                        tsung@foley.com

                *Attorneys for Defendant*
                TP-LINK TECHNOLOGIES CO., LTD.

## **CERTIFICATE OF CONFERENCE**

On January 24, 2020, counsel for Defendant, Stephen R. Smerek, conferred by telephone and email with counsel for Plaintiff, Zachariah S. Harrington, concerning the grounds for this motion.  Mr. Smerek advised Mr. Harrington that Defendant TP-Link Technologies Co., Ltd. did not engage in business in Texas, and it did not direct or control the sales of TP-Link branded products in Texas.  Mr. Smerek indicated that Defendant would respond to the complaint by moving to quash service and dismiss for lack of personal jurisdiction.  Mr. Smerek further advised Mr. Harrington that TP-Link USA Corporation, a California corporation, was solely responsible for importing, marketing, advertising and selling TP-Link branded product in the United States.  Mr. Harrington refused to voluntarily dismiss the claims asserted against TP-Link Technologies Co., Ltd.

After Plaintiff filed the First Amended Complaint, Mr. Smerek again contacted Mr. Harrington to discuss the grounds for this motion.  Mr. Harrington reasserted Plaintiff's position that TP-Link Technologies Co., Ltd. was subject to personal jurisdiction in Texas and service was proper.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on March 2, 2020, in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service.

*/s/ Terrell R. Miller*
Terrell R. Miller
